IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| WAUSAU BUSINESS INSURANCE CO., § <br>     Plaintiff § <br> § <br> § <br> v. § <br> § <br> § <br> ADMIRAL INSURANCE COMPANY, § <br> LANDMARK AMERICAN INSURANCE § <br> COMPANY, and REPUBLIC-VANGUARD § <br> INSURANCE COMPANY, § <br>     Defendants § | CIVIL ACTION NO. 1:14-CV-1055 |

**ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**

TO THE HONORABLE U.S. DISTRICT COURT JUDGE:

Plaintiff Wausau Business Insurance Company files this Original Complaint against defendants Admiral Insurance Company, Landmark American Insurance Company, and Republic-Vanguard Insurance Company and would respectfully show the Court as follows:

**I.
PARTIES AND SERVICE**

1. Wausau Business Insurance Company is a Wisconsin corporation licensed to do business in Texas, with its principal place of business in Boston, Massachusetts. Wausau is a citizen of the State of Massachusetts and not the State of Texas.

2. Admiral Insurance Company ("Admiral") is a Delaware corporation that maintains its principal place of business at 1000 Howard Blvd., Suite 300, Mount Laurel, New Jersey 08054. Admiral is licensed to do business and does business in Texas. Wausau requests that citation be issued and served upon this defendant through the Commissioner of Insurance, Julia Rathgeber, Texas Department of Insurance, 333 Guadalupe, Austin, Texas 78701.

3. Landmark America Insurance Company ("Landmark") is an Oklahoma corporation that maintains its principal place of business at 945 East Paces Ferry Road, Suite 1800, Atlanta, Georgia 30326. Landmark is licensed to do business and does business in Texas. Wausau requests that citation be issued and served upon this defendant the Commissioner of Insurance, Julia Rathgeber, Texas Department of Insurance, 333 Guadalupe, Austin, Texas 78701.

4. Republic-Vanguard Insurance Company ("Republic") is an Arizona corporation that maintains its principal place of business at 2394 East Camelback Road Phoenix, Arizona 85016. Republic is licensed to do business and does business in Texas. Wausau requests that citation be issued and served upon this defendant through the Commissioner of Insurance, Julia Rathgeber, Texas Department of Insurance, 333 Guadalupe, Austin, Texas 78701.

## II.
## JURISDICTION AND VENUE

5. The Court has jurisdiction over the parties and claims in this action pursuant to 28 U.S.C. §§ 1332(a), 1367, 2201 and 2202 because plaintiff and defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest. A present controversy exists between them as to the parties' rights and obligations concerning insurance policies issued by plaintiff and defendants potentially covering the same underlying suit.

6. Venue in this District is proper under 28 U.S.C. § 1391 because one or more of the defendants resides in this District or a substantial part of the events or omissions giving rise to the claim occurred in this District.

7. An actual controversy of a justiciable nature exists between Wausau and all defendants regarding the rights and responsibilities of each party under insurance policies issued

by defendants which potentially cover the same underlying suit, as described more fully below. All persons having an interest in the outcome of this litigation have been joined as parties. There is no other pending legal action seeking to adjudicate the rights of the parties hereto.

## III.
## FACTS

8. Wausau seeks a declaration of the parties' respective duties to defend and indemnify their mutual insured, EBCO Advanced Building Systems, Ltd. ("EBCO"), which is a defendant in an underlying lawsuit captioned *Bel-Air Condominium Community, Inc. et al. v. EBCO Advanced Building Systems, Ltd.,* Cause No. D-1-GN-10-003415, 126th Judicial District Court of Travis County, Texas ("the Underlying Suit"). A true and correct copy of the current, Third Amended Petition (the "Underlying Petition") in the Underlying Suit is attached hereto as Exhibit "A."

### The Underlying Suit

9. In the Underlying Suit, plaintiff Bel Air Condominium Community, Inc. ("Bel Air"), on Behalf of its Individual Members, alleged defendant EBCO caused property damage to the Bel Air Condominium Community in Austin, Texas ("Bel Air Condos") during EBCO's construction of the buildings as general contractor.

10. The Underlying Petition further alleges, in part, as follows:

Due to deficiencies in the construction and subsequent attempts to repair the Bel Air Condos, breaches of express and implied warranties, the members of Bel Air, have sustained significant property damage. Underlying Petition at 2.

Plaintiff's predecessor-in-interest and EBCO entered into a contract to construct the Bel Air Condos. The conduct complained of was committed by EBCO, its employees or its actual or apparent agents and through subcontractors working on its behalf. As general contractor for the project, EBCO "was responsible for any and all defects, improper construction practices, negligent construction or faulty work performed by any subcontractors, agents or third parties retained by EBCO or working under its direction

and supervision . . . , including but not limited to the installation of the building envelope, roof and roofing system, HVAC systems, masonry work, grading, and other various aspects of the construction of the structures in Phase I and part of Phase II of the Bel Air Condos. Underlying Petition at 2-3.

Plaintiffs "have discovered extensive water damage, leaks, and resulting damages therefrom to the Bel Air Condos resulting from defective or faulty construction work. As a result, Plaintiffs members' property sustained damage to the common areas of the Bel Air Condos as well as ensuing damage to members' individual condominium units, including but not limited to, the cost of destruction and restoration of the buildings necessary to access and fix the leaks, the cost of fixing the leaks, and also resulted in damage to equipment and property within the buildings, as well as cost of fixing the components and systems which are not fully functioning. These damages include the cost associated with the restoration and build back due to the development of the damage within the buildings." Underlying Petition at 3.

Plaintiffs "have further experienced other water damage and building envelope problems with the structures as the result of improper manufacture or installation of the construction components and insufficient and negligent restoration and repairs performed to the existing structures and the systems contained therein." Construction issues include, but are not limited to the following common elements:

* Water intrusion at building envelope and inadequate exterior wall weep system,
* Water and air infiltration at windows,
* Water penetration at the roof,
* Improperly installed masonry and external walls,
* Failure to adequately perform prior warranty and repair work, and
* Failure to properly construct building components."

Underlying Petition at 3-4.

11. The Underlying Petition alleges causes of action for breach of material express and implied warranties, negligence, and misrepresentations and seeks recovery of actual, incidental, and consequential damages, plus interest, costs and attorneys fees "caused by negligence of EBCO and its subcontractors and breaches of EBCO's contract and warranties." Underlying Petition at 5, 6-8.

### EBCO's Third-Party Action

12. Subsequently, EBCO filed a Third-Party Action (the "Third-Party Petition") in the Underlying Suit against several subcontractors involved in the Bel Air Condo construction

project, including 333 Masonry Construction, LLC., Alpha Insulation & Water Proofing, Inc., America Roof Solutions, Inc., Enerloc Building Systems, Inc., Atrium Companies, Inc. d/b/a Atrium Windows & Doors, Diaz Plastering, Inc., and Airco Mechanical, Ltd. (collectively, the "Subcontractors").  The Third-Party Petition describes the construction defect claims in the Underlying Petition relating to "installation of the building envelope, window systems, roofing system, HVAC system, masonry work, grading and balconies," and alleges the Subcontractors were "the subcontractors responsible for the installation of these systems at the Project."  Third-Party Petition at 2-3.

13. In the Third-Party Petition, EBCO denies liability to plaintiffs in the Underlying Suit but alleges that, in the event plaintiff's' damages are attributed to the construction of the Bel Air Condos, the Subcontractors are liable, in whole or in part, for any damages sustained by plaintiffs. Third-Party Petition at 3. EBCO therefore seeks contribution from the Subcontractors pursuant to Chapter 33 of the Texas Civil Practices and Remedies Code. *Id.* EBCO also seeks "contractual indemnity" from the Subcontractors "pursuant to the subcontractor agreements executed by" the Subcontractors. *Id.*

**The Policies**

14. EBCO is a named insured under commercial general liability policy no. YYK-Z91-452095-039 issued by Wausau for the policy period June 10, 2009 to June 10, 2010 (the "Wausau Policy"), with limits of insurance of $1,000,000 for each occurrence and a $2,000,000 aggregate limit of insurance.

15. On information and belief, America Roof Solutions is a named insured under Admiral commercial general liability policy no. CA00000860101, effective from February 28, 2006 through February 28, 2007, and policy no. CA00000860102, effective from February 28,

2007 through February 28, 2008 (the "Admiral Policies") issued by Admiral. On information and belief, the coverage provided by the Admiral Policies is subject to limits of insurance of $1,000,000 applicable to each occurrence and a $2,000,000 aggregate limit of insurance. On information and belief, the Admiral Policies contain endorsements providing additional insured coverage for certain parties under certain conditions. America Roof Solutions is a third-party defendant in the Underlying Suit and a subcontractor of EBCO in connection with the Bel Air Condos construction project. EBCO is an additional insured under the Admiral Policies pursuant to the terms of those policies and the Underlying Suit alleges facts and claims potentially within the additional insured coverage for EBCO under the Admiral Policies. Despite previously acknowledging that it would "retain counsel to associate in" EBCO's defense, Admiral has not paid its allocated share of defense costs to date.

16. On information and belief, Austin Pacesetter, Ltd. is a named insured under Crum & Forster commercial general liability policy no. GLO 101462, effective from October 1, 2006 through October 1, 2007, policy no. GLO 121010, effective from October 1, 2007 through October 1, 2008, and policy no. GLO 161262, effective from October 1, 2008 through October 1, 2009 (the "Crum & Forster Policies") issued by Crum & Forster. On information and belief, the coverage provided by the Crum & Forster Policies is subject to limits of insurance of $1,000,000 applicable to each occurrence and a $2,000,000 aggregate limit of insurance. On information and belief, the Crum & Forster Policies contain endorsements providing additional insured coverage for certain parties under certain conditions. Austin Pacesetter, Ltd. is a third-party defendant in the Underlying Suit and a Subcontractor of EBCO in connection with the Bel Air Condos construction project. EBCO is an additional insured under the Crum & Forster Policies pursuant to the terms of those policies and the Underlying Suit alleges facts and claims

potentially within the additional insured coverage for EBCO under the Crum & Forster Policies. After valid notice and tender, Crum & Forster – unlike the insurer defendants named above – agreed to participate in the defense of EBCO in the Underlying Suit and to pay its twenty-five percent allocated share of defense costs.

17. On information and belief, Alpha Insulation and Waterproofing Co. ("Alpha") is a named insured under Landmark commercial general liability policy no. LHA 103670, effective from November 1, 2005 through November 1, 2006, and policy no. LHA 104619, effective from November 1, 2006 through November 1, 2007 (the "Landmark Policies") issued by Landmark. On information and belief, the coverage provided by the Landmark Policies is subject to limits of insurance of $1,000,000 applicable to each occurrence and a $2,000,000 aggregate limit of insurance. On information and belief, the Landmark Policies contain endorsements providing additional insured coverage for certain parties under certain conditions. Alpha is a third-party defendant in the Underlying Suit and a Subcontractor of EBCO in connection with the Bel Air Condos construction project. EBCO is an additional insured under the Landmark Policies pursuant to the terms of those policies and the Underlying Suit alleges facts and claims potentially within the additional insured coverage for EBCO under the Landmark Policies. Despite valid notice and tender, however, Landmark has refused to participate in the defense of EBCO in the Underlying Suit.

18. On information and belief, Diaz Plastering is a named insured under Republic commercial general liability policy no. RGL336654-04 effective from April 8, 2008 through April 8, 2009 (the "Republic Policy"). On information and belief, the coverage provided by the Republic Policy is subject to limits of insurance of $1,000,000 applicable to each occurrence and a $2,000,000 aggregate limit of insurance. On information and belief, the Republic Policy

contains endorsements providing additional insured coverage for certain parties under certain conditions. Diaz Plastering is a third-party defendant in the Underlying Suit and a Subcontractor of EBCO in connection with the Bel Air Condos construction project. EBCO is an additional insured under the Republic Policy pursuant to the terms of that policy and the Underlying Suit alleges facts and claims potentially within the additional insured coverage for EBCO under the Republic Policy. Despite having previously acknowledged that it would participate in the defense of EBCO in the Underlying Suit, Republic has not paid its allocated share of defense costs to date.

19. Wausau is defending EBCO in the Underlying Suit and has paid attorneys fees and defense costs in connection with that defense for which Admiral, Crum & Forster, Landmark and Republic are responsible.

## IV.
## CAUSES OF ACTION

**A.     Declaratory Judgment**

20. Wausau incorporates the allegations set forth in paragraphs 1-20 above. This matter presents an actual controversy of a justiciable nature between the parties hereto with respect to the matters set forth in this action.

21. Pursuant to 28 U.S.C. §§ 2201, *et seq.*, Wausau requests that, upon necessary proof and hearing, the Court enter judgment declaring as follows:

   a.   Admiral, Landmark and Republic are required to defend and indemnify EBCO against the claims asserted in the Underlying Suit and to pay twenty-five percent (25%) of the costs of that defense; and

   b.   Coverage for EBCO under the Admiral, Landmark and Republic Policies is co-primary and the coverage, if any, of the Wausau Policy is excess with respect to the duty to defend and indemnify EBCO in the Underlying Suit.

**B.     Breach of Contract**

22.    Wausau incorporates the allegations set forth in paragraphs 1-22 above.

23.    EBCO was at all material times an insured under the Admiral, Crum & Forster, Landmark and Republic Policies.  The facts and claims asserted against EBCO in the Underlying Suit are potentially within the scope of coverage of the Admiral, Crum & Forster, Landmark and Republic Policies.  Admiral, Landmark, and Republic have a duty to defend EBCO against the claims asserted in the Underlying Suit. Although Crum & Forster has acknowledged its duty to defend and its twenty-five percent allocated share of the costs of EBCO's defense, despite proper notice and tender, Admiral, Landmark, and Republic have refused to defend EBCO against the claims asserted in the Underlying Suit and to pay their twenty-five percent share of the costs of that defense.  Their refusals constitute breaches of contract.

24.    Wausau is defending EBCO against the claims asserted in the Underlying Suit, subject to reservations of its rights.  If there is any coverage for EBCO under the Wausau Policy, that coverage is excess only.

25.    Wausau has contractual and/or equitable rights of subrogation against any carrier, including Admiral, Landmark, and Republic, that is obligated to defend or indemnify EBCO in the Underlying Suit.  Thus, any rights of recovery EBCO may have against Admiral, Landmark, and Republic are transferred to Wausau for any payment made by Wausau to defend or indemnify EBCO in the Underlying Suit.

26.    Wausau is also entitled to contribution from Admiral, Landmark, and Republic for at least part of the damages sought in this action.

27.    Wausau is also entitled to recover from Admiral, Landmark, and Republic all or a portion of the attorneys' fees and expenses incurred in defending EBCO against the claims

asserted in the Underlying Suit.

28. Pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code, Wausau also is entitled to recover from Admiral, Landmark, and Republic all attorneys' fees and expenses incurred by Wausau due to Admiral, Landmark, and Republic's breaches of contract, as set forth above.

29. All conditions precedent to Wausau's rights of recovery herein have been fully performed and/or have been waived.

THEREFORE, PREMISES CONSIDERED, Wausau prays Admiral, Landmark, and Republic be cited to appear and answer herein, and that on final hearing Wausau have judgment as follows:

1. A declaration that Admiral, Landmark, and Republic have primary coverage for and the duty to defend and indemnify EBCO in connection with the Underlying Suit;

2. A declaration that Wausau has excess coverage for and no duty to defend or indemnify EBCO in connection with the Underlying Suit;

3. An award of the defense costs Wausau has incurred to defend EBCO in the Underlying Suit;

4. An award of all or a portion of the amounts expended by Wausau in indemnifying EBCO in connection with the Underlying Suit;

5. Recovery of all attorney's fees and costs Wausau has incurred in asserting this declaratory and subrogation action, plus associated statutory prompt payment penalties; and

6. Such other and further relief to which Wausau may be entitled whether at law or in equity.

Respectfully submitted,

HANNA & PLAUT, L.L.P.
211 E. Seventh Street, Suite 600
Austin, Texas 78701
Telephone: (512) 472-7700
Facsimile: (512) 472-0205

By: */s/ David L. Plaut*
　　　David L. Plaut
　　　State Bar No. 16066030
　　　Catherine L. Hanna
　　　State Bar No. 08918280

ATTORNEYS FOR WAUSAU BUSINESS
INSURANCE COMPANY